IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

WILLIAM E. PALMER                                                                                      PLAINTIFF

v.                                           Case No. 5:14-CV-05180

SHERIFF TIM HELDER; NURSE RHONDA
BRADLEY; DR. HOWARD; and DR. MULLINS                                            DEFENDANTS

**O R D E R**

Currently before the Court are the findings and recommendations (Doc. 56) of the Honorable Mark E. Ford, United States Magistrate for the Western District of Arkansas. Also before the Court are Plaintiff William E. Palmer's objections (Doc. 57) and supplement (Doc. 58). No response to the objections was filed by Defendants. The Court has conducted a *de novo* review as to all specified proposed findings and recommendations to which Plaintiff has raised objections. 28 U.S.C. § 636(b)(1)(c). Upon due consideration, the Court finds that Plaintiff's objections offer neither law nor fact requiring departure from the Magistrate's findings and recommendations and that the Magistrate's report does not otherwise contain any clear error.

The document filed as Plaintiff's original objections (Doc. 57) appears to be a renewed motion to compel production[1] of certain documents. To the extent that document, entitled "motion for stay of summary judgment," should be construed as a motion to compel, the motion is DENIED. Plaintiff moves to compel production of certain documents requested through his requests for production numbered 5 and 6 (Doc. 57, pp. 2-3). Defendants objected to Request 5 on the grounds that it was overly broad, vague, and not reasonably calculated to lead to discoverable material.

---

[1] A prior motion (Doc. 36) was denied (Doc. 39).

Plaintiff argues that the objection should be overruled, as he "clearly stated I wanted Defendants [sic] prior records that may and will be used against their credibility on issues about policies, practices, and occurances [sic] (having been sued, or in process of) . . ." (Doc. 57, p. 4). The Court agrees with Defendants that this request is overly vague,[2] and to the extent it asks for all disciplinary records or lawsuits ever filed against Defendants, it is overly broad. It is not clear exactly what information Plaintiff seeks through this request. As such, the motion to compel will be denied as to Request 5.

Plaintiff also states that he never received the requested records from Northwest Medical Center ("Northwest") pursuant to his Request 6. It appears that Defendants did produce certain medical records and a copy of a deposition transcript in response to this request. (Doc. 57, p. 3). The response, however, was not satisfactory to Plaintiff. The Court does not know what exactly was produced by Defendants. However, the Court notes that a subpoena was issued to the medical records custodian of Northwest pursuant to an order dated December 1, 2014. (Doc. 39). Service of the subpoena was confirmed. (Doc. 41). Northwest responded (Doc. 43) that it could not provide the requested records without more information. Although it appears the subpoena contained sufficient information, based on Northwest's response, the record does not reflect that the records were ever actually received by the Court in response to the subpoena. While the Court will not direct Defendants to produce the medical records requested by Plaintiff in his requests for production, the Court will direct the Clerk to reissue a subpoena to Northwest.

As to Plaintiff's objections to the Magistrate's report, Plaintiff generally objects to dismissal of his official-capacity and conditions-of-confinement claims. Plaintiff's objections, however, do

---

[2] *See* Fed. R. Civ. P. 34(b)(1)(A) (a request for production "must describe with reasonable particularity each item or category of items to be inspected").

not persuade the Court that the Magistrate's analysis was in error on these issues. Plaintiff again complains of actions he alleges were taken by Defendants, but does not sufficiently show that any practice, custom, or policy was the moving force behind any of the alleged violations of his constitutional rights. *Moyle v. Anderson*, 571 F.3d 814, 817-18 (8th Cir. 2009). Plaintiff also complains that inmates were expected to clean or cover black mold without proper cleaning tools or other precautionary measures. Any allegations in this regard amount to a *de minimis* imposition not implicating constitutional concerns. *See Smith v. Copeland*, 87 F.3d 265, 268 (8th Cir. 1996) (exposure to raw sewage for four days not sufficient to allege constitutional violation where Plaintiff did not allege he suffered any consequences from the exposure and where Plaintiff declined to clean up the mess).

The Magistrate's report (Doc. 56) is therefore ADOPTED IN ITS ENTIRETY. Accordingly, for the reasons set forth in the report, IT IS ORDERED that Defendants' motion for summary judgment (Doc. 44) is GRANTED IN PART and DENIED IN PART. The motion is granted insofar as all claims against Sheriff Helder, all official-capacity claims, and all conditions-of-confinement claims[3] are DISMISSED WITH PREJUDICE. The motion is denied insofar as the claims against the remaining Defendants for denial of adequate medical care remain for adjudication.

To the extent that either Document 57 or Document 58 might be construed as a motion to compel, that/those motion(s) are DENIED.

Because Document 58, pages 4 and 15-16 contain information that should be redacted, the Clerk is directed to remove those pages from Document 58 and refile the document without those

---

[3] While the conditions-of-confinement claims are not recommended for dismissal in the concluding paragraph of the Magistrate's report, the Magistrate's reasoning in section III(B) of the report supports dismissal of those claims.

pages, filing pages 4 and 15-16 as a separate exhibit under seal.

The Clerk is also directed to reissue a subpoena to the medical records custodian of the Northwest Medical Center, 609 West Maple Ave., Springdale, AR 72764.[4]  (See Doc. 43 for original subpoena).

Plaintiff previously filed a motion for the Court to appoint him counsel in this matter, which motion was denied by order entered December 1, 2014 (Doc. 39).  The issues in this case have been narrowed, and the case is ready to proceed to trial.  Trial of this matter will involve legal, factual, and procedural complexities that might weigh in favor of appointing counsel at this juncture.  If Plaintiff still desires appointed counsel, he is invited to renew his motion for appointed counsel.

This case will be set for trial on the remaining claims by separate order.

IT IS SO ORDERED this 6th day of October, 2015.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE

---

[4] The subpoena should require the documents to be returned to the Fayetteville clerk's office by November 6, 2015.  The description of the documents to be produced should be the same as in Document 43 with the exception that Plaintiff's social security number should be added as an identifier.